DLD-204                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1973
_____

ISHMAEL ALI SHUKAR BURK,
Appellant

v.

MS. FAVALORO, NURSE; MS. NOVAK; MS. WALKER, KITCHEN SUPERVISOR;
MS. ORTIZ, CORRECTIONAL OFFICER; NICHOLSON, DOCTOR
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-22-cv-00084)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 24, 2023

Before: JORDAN, CHUNG, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 30, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Ishmael Burk, a state inmate proceeding pro se and in forma pauperis, appeals from the District Court's judgment. For the following reasons, we will summarily affirm.

Burk filed a pro se complaint under 42 U.S.C. § 1983 against medical staff and prison officials at State Correctional Institution – Chester, alleging that the defendants acted with deliberate indifference in treating a back injury that he sustained when he fell in the shower. After discovery, the defendants filed motions for summary judgment, which Burk opposed. The District Court heard oral argument on those motions and ultimately granted judgment in favor of the defendants. Burk appealed.[1]

The crux of Burk's action challenged the adequacy of medical care for his back injury. To demonstrate an Eighth Amendment violation based on inadequate medical care, a prisoner must point to "(i) a serious medical need, and (ii) acts or omissions by the prison officials that indicate deliberate indifference to that need." Parkell v. Danberg, 833 F.3d 313, 337 (3d Cir. 2016) (quotations and citation omitted). "Where a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of a motion for summary judgment de novo. Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal presents no substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

2

and treatment of prisoners." Palakovic v. Wetzel, 854 F.3d 209, 227 (3d Cir. 2017).

Moreover, "mere disagreement as to the proper medical treatment" is insufficient to

support an Eighth Amendment violation. See Monmouth Cnty. Corr. Inst. Inmates v.

Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

Judgment in favor of the prison officials was proper. Even if Burk's back injury

presented a serious medical need,[2] the uncontroverted evidence demonstrated that the

defendants did not act with deliberate indifference in treating that need. Burk sustained

the back injury on or around August 16, 2021. Four days later, non-party physician, Dr.

Paul Little, examined Burk because he had complained of severe back pain, observed him

walking downstairs without difficulty, and noted that Burk could report to sick call if the

pain persisted.[3] See ECF No. 49-3 at 10–11. Three days after that, in response to Burk's

complaints of lower back pain, Physician Assistant (PA) John Nicholson prescribed him

Motrin and Robaxin and ordered an x-ray. Id. at 7–8. The x-ray yielded normal results.

Id. at 49-7 at 2; see also ECF No. 51 at 13. Burk next complained of back pain in

January 2022; over the ensuing six months, the medical staff examined Burk's back

---

[2] The District Court did not decide whether Burk's injury presented a serious medical need. We also decline to address that issue.

[3] To the extent that Burk believed the four-day delay in receiving a medical examination amounted to deliberate indifference, such a contention lacks merit. During his deposition, Burk equivocated about whether August 16 was truly the date that he fell. See ECF No. 45-1 at 8. And, although he claimed that he submitted a sick call request, a copy of that request was not located in the record. Burk thus failed to present evidence from which a reasonable factfinder could infer that a delay in providing medical care had occurred.

injury no fewer than four times, referred him to physical therapy sessions (at least two of which Burk attended), and continued to prescribe him Motrin. Additionally, during a May 2022 visit where Burk continued to complain of back pain, PA Nicholson informed Burk that a lumbar spine sprain would have resolved itself within four to six weeks of sustaining the injury. See ECF No. 49-3 at 15.

Because the medical staff affirmatively treated Burk's back injury, we may presume that the treatment was proper. See Pearson v. Prison Health Serv., 850 F.3d 526, 535 (3d Cir. 2017). To overcome that presumption, Burk needed to show that the treatment decisions fell below any professional standard of care. Id. at 536. He did not do so. Indeed, at oral argument on the summary judgment motions, Burk confirmed that he did not produce expert testimony or other extrinsic evidence establishing that the treatment decisions were not grounded in professional judgment. See ECF No. 64 at 69–70. Fundamentally, Burk merely disagreed with the medical treatment that he received. That is insufficient to establish an Eighth Amendment violation.[4] See Lanzaro, 834 F.2d at 346.

The District Court also properly granted summary judgment in favor of Kathleen Favaloro, the Acting Health Care Administrator. As a non-medical prison official, Administrator Favaloro could not have acted with deliberate indifference unless she had

---

[4] To the extent that Burk challenged the prison officials' failure to place him in a bottom-tier bunk due to his back injury, judgment in favor of the prison officials was proper. Dr. Little examined Burk's injury and specifically noted that there was no medical indication for Burk to be placed on a bottom-tier bunk. See ECF No. 49-3 at 2.

"a reason to believe (or actual knowledge) that prison doctors or their assistants [were] mistreating (or not treating) [Burk]." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004); see also Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). In support of that claim, Burk pointed to several inquiry exchanges between him and Administrator Favaloro. In those inquiries, Burk asked Administrator Favaloro if he could seek medical care from his personal (non-prison) physician because the medical staff were not taking his complaints seriously, asked why he had not received additional x-rays for his back injury, and asked why his physical therapy appointments had been canceled. See ECF No. 50 at 16, 18–20. These inquiries did not provide Administrator Favaloro with sufficient reason to believe that Burk was being mistreated by the medical staff. Rather, his inquiries merely indicated that he was dissatisfied with the treatment that was being provided. Moreover, Administrator Favaloro also provided Burk with prompt responses and solutions. For example, she told Burk that he could coordinate an appointment with his personal physician with the prison Superintendent and his attorney, id. at 18, 21; and, after a physical therapy session was inexplicably canceled, she promptly rescheduled that appointment and directed Burk to have a correctional officer contact her if he was not called for that appointment. Id. at 16. Under these circumstances, no reasonable factfinder could infer that Administrator Favaloro acted with deliberate indifference to Burk's injury.

5

For the same reason, summary judgment in favor of Catherine Novak, the Employment Vocation Coordinator was also proper.[5] Burk argued that Coordinator Novak's refusal to excuse him from his kitchen work assignment due to his back injury was an Eighth Amendment violation. As a non-medical prison official, Coordinator Novak was not authorized to excuse Burk from his work assignment unless he had clearance from the medical staff. See ECF No. 45-9 at 2. Burk secured medical clearance for only a two-week timespan in June 2022. See id.; ECF No. 45-8. Coordinator Novak had no reason to excuse Burk from his work assignment beyond that two-week timespan, nor did she have any reason to believe that the prison medical staff were mistreating Burk's back injury by declining to grant him medical clearance.

Finally, judgment in favor of Correctional Officer Michael Ortiz-Rahi was also proper. For essentially the same reasons provided by the District Court, we agree that Burk failed to fully exhaust his administrative remedies as to this officer. See ECF No. 66 at 7–8; see also 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). Nor did Burk present any evidence suggesting that the administrative remedies were "unavailable" for purposes of exhaustion. See Ross v. Blake, 578 U.S. 632, 643-44 (2016).

---

[5] The District Court granted judgment in favor of Coordinator Novak based on Burk's failure to exhaust his administrative remedies. See ECF No. 66 at 7. We agree with that disposition and write only to note that the claim is also meritless.

Burk's appeal presents no substantial question, and we will summarily affirm the District Court's judgment.  3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.